Tony Marteliano, in pro. per.

Willis E. Gresham, Asst. Atty. Gen., John Ben Shepperd, Atty. Gen., J. Fred Jones, Asst. Atty. Gen., for appellee.

Before BORAH, RIVES, and TUTTLE, Circuit Judges.

PER CURIAM.

 Petitioner below, appellant here, a prisoner in custody under a state court sentence, sought habeas corpus relief therefrom. The district judge denied the petition and also refused to issue a certificate of probable cause, and the appellee, through the Attorney General of the State of Texas, has moved to dismiss the appeal on the ground that, in the absence of a certificate of probable cause as required by Section 2253, Title 28 U.S. C.A., this Court is without jurisdiction to entertain the appeal. This being so,[1] and neither the Court nor any member thereof finding any basis in the record for the issuance of such certificate, the motion is granted and the appeal is dismissed.

Warren E. Burger, Asst. Atty. Gen., Marvin C. Taylor, Washington, D. C., J. Leonard Walker, Louisville, Ky., for appellant.

H. T. Lively, Louisville, Ky., George H. Wyatt, Detroit, Mich., Joseph L. Lenihan, Louisville, Ky., for appellee.

Before SIMONS, Chief Judge, and MARTIN and McALLISTER, Circuit Judges.

**UNITED STATES of America,**
**Defendant-Appellant,**

**v.**

**LOUISVILLE & NASHVILLE RAILROAD, Plaintiff-Appellee.**

**No. 11972.**

United States Court of Appeals, Sixth Circuit.

Oct. 20, 1954.

PER CURIAM.

The issue in the above cause on appeal is whether a motor vehicle, commonly known as a jeep, should be classified as a passenger automobile, a freight automobile, or a dumping and hauling vehicle, for purposes of railway transportation charges in schedules filed with the Interstate Commerce Commission. The district court held that the jeep is properly classified as a passenger vehicle and is subject to transportation charges as such a vehicle, in accordance with the published tariffs on file with the Interstate Commerce Commission; and it appearing that the findings of fact of the district court were not clearly erroneous, but were sustained by substantial evidence; and that the district court properly applied the law to the facts so found; and the court being duly advised,

1. Harris v. Ellis, 5 Cir., 204 F.2d 685.

Now, therefore, it is ordered, adjudged, and decreed that the judgment of the district court be and is hereby affirmed upon the findings of fact and conclusions of law of the district court, 109 F.Supp. 464, and in accordance with the decision of the United States Court of Claims in Union Pacific R. Co. v. United States, 91 F.Supp. 762, 117 Ct.Cl. 534.

Stewart HUSTON and Bolton Sullivan, Independent Directors of the Missouri Pacific Railroad Company, Petitioners,

v.

Guy A. THOMPSON, Trustee of Missouri Pacific Railroad Company, Debtor, Respondent.

No. 15223.

United States Court of Appeals Eighth Circuit.

Dec. 10, 1954.

Frederick M. Myers, Jr., Pittsfield, Mass., for petitioners.

Russell L. Dearmont, St. Louis, Mo., for respondent.

Jacob Chasnoff, St. Louis, Mo., for Group of Institutional Investors holding First and Refunding Mortgage 5% Bonds of Missouri Pac. R. Co.

Alan S. Kuller, New York City, for Manufacturers Trust Co., as Corporate Trustee under First and Refunding Mortgage of Missouri Pac. R. Co.

Percival E. Jackson, New York City, filed brief on behalf of holders of First and Refunding Mortgage Bonds of Missouri Pac. R. Co.

Before GARDNER, Chief Judge, SANBORN, Circuit Judge, and NORDBYE, District Judge.

PER CURIAM.

This Court on November 29, 1954, upon motion of the petitioners, Stewart Huston and Bolton Sullivan, Independent Directors of the Missouri Pacific Railroad Company, directed the respondent, Guy A. Thompson, Trustee of the Missouri Pacific Railroad Company, Debtor, to show cause why Order No. 4410 entered November 5, 1954, by the United States District Court for the Eastern District of Missouri, In the Matter of Missouri Pacific Railroad Company, Debtor, Case No. 6935, should not be stayed pending the determination of the petitioners' appeal from the order. The respondent filed his return to the show cause order, and the issues were argued and submitted to this Court on December 6, 1954. At the hearing, coun-